CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

FEB 08 2017

JULIA C. DUDLEY, CLERK
BY: /s/
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| TIMOTHY WAYNE HIGHT,<br>    Plaintiff, | Civil Action No. 7:16-cv-00566 |
| v. | **MEMORANDUM OPINION** |
| NEW RIVER VALLEY REGIONAL<br>JAIL MEDICAL STAFF<br>DEPARTMENT, et al.,<br>    Defendants. | By:  Hon. Michael F. Urbanski<br>      United States District Judge |

Timothy Wayne Hight, a Virginia inmate proceeding pro se, filed a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff names as defendants the New River Valley Regional Jail ("Jail") Medical Staff Department, Nurse Betty Akers, and Nurse Rebbecca Asbury. This matter is before the court for screening pursuant to 28 U.S.C. § 1915A. After reviewing Plaintiff's submissions, the court dismisses the complaint without prejudice for failing to state a claim upon which relief may be granted and grants Plaintiff seven days' leave to amend.

## I.

While at pill call on October 31, 2016, Plaintiff showed Nurse Asbury his identification but received another inmate's four pills for blood pressure. Plaintiff regurgitated three pills after realizing he ingested the wrong medicine and then received the correct medicine. Plaintiff told Nurse Akers that he ingested the different pills because he recently had seen the doctor and thought the doctor may have added a new prescription. Plaintiff believes Nurse Asbury jeopardized his health and alleges he now suffers anxiety because he ingested one pill of someone else's blood pressure medicine in October 2016.

## II.

The court must dismiss an action or claim filed by an inmate if the court determines that the action or claim is frivolous or fails to state a claim on which relief may be granted. See 28

U.S.C. §§ 1915(e)(2), 1915A(b)(1); 42 U.S.C. § 1997e(c). The first standard includes claims based upon "an indisputably meritless legal theory," "claims of infringement of a legal interest which clearly does not exist," or claims where the "factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989). The second standard is the familiar standard for a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), accepting a plaintiff's factual allegations as true. A complaint needs "a short and plain statement of the claim showing that the pleader is entitled to relief" and sufficient "[f]actual allegations . . . to raise a right to relief above the speculative level . . . ." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotation marks omitted). A plaintiff's basis for relief "requires more than labels and conclusions . . . ." Id. Therefore, a plaintiff must "allege facts sufficient to state all the elements of [the] claim."[1] Bass v. E.I. Dupont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003).

The complaint fails to state a claim upon which relief may be granted. To state a claim under § 1983, a plaintiff must allege "the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988).

The Jail Medical Staff Department is not a proper "person" subject to § 1983. See, e.g., McCoy v. Chesapeake Corr. Ctr., 788 F. Supp. 890, 894 (E.D. Va. 1992) (reasoning local jails are not appropriate defendants to § 1983 actions); Ferguson v. Morgan, No. 1:90cv06318, 1991

---

[1] Determining whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009). Thus, a court screening a complaint under Rule 12(b)(6) can identify pleadings that are not entitled to an assumption of truth because they consist of no more than labels and conclusions. Id. Although the court liberally construes pro se complaints, Haines v. Kerner, 404 U.S. 519, 520-21 (1972), the court does not act as an inmate's advocate, sua sponte developing statutory and constitutional claims not clearly raised in a complaint. See Brock v. Carroll, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985); see also Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978) (recognizing that a district court is not expected to assume the role of advocate for a pro se plaintiff).

2

U.S. Dist. LEXIS 8295, 1991 WL 115759, at *1 (S.D.N.Y. June 20, 1991) (concluding that a group of personnel, like "medical staff," is not a "person" for purposes of § 1983).

The complaint fails to allege Nurse Akers' or Nurse Asbury's deliberate indifference to a serious medical need. Deliberate indifference requires a state actor to have been personally aware of facts indicating a substantial risk of serious harm, and the actor must have actually recognized the existence of such a risk. See, e.g., Farmer v. Brennan, 511 U.S. 825, 838 (1994); Estelle v. Gamble, 429 U.S. 97, 104 (1976); Conner v. Donnelly, 42 F.3d 220, 222 (4th Cir. 1994). Here, Plaintiff alleges Nurse Asbury negligently gave him the wrong prescription on October 31, 2016, but claims of negligence or medical malpractice are not cognizable in a § 1983 proceeding. See, e.g., Estelle, 429 U.S. at 105-06; Sosebee v. Murphy, 797 F.2d 179, 181 (4th Cir. 1986). Furthermore, Plaintiff does not allege any personal act or omission by Nurse Akers, and Nurse Akers cannot be liable under the theory of respondeat superior. See, e.g., Monell v. Dep't of Soc. Servs., 436 U.S. 658, 663 n.7 (1978); Fisher v. Washington Metro. Area Transit Author., 690 F.2d 1133, 1142-43 (4th Cir. 1982), abrogated on other grounds by Cnty. of Riverside v. McLaughlin, 500 U.S. 44, 47 (1991). Accordingly, the complaint is dismissed without prejduce.

### III.

For the foregoing reasons, the court dismisses the complaint without prejudice for failing to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915A(b)(1). Plaintiff is granted seven days' leave to file an amended complaint. If the court does not receive anything from Plaintiff within fourteen days, the action will remain dismissed without prejudice, the Clerk may strike the case from the active docket, and Plaintiff may refile his claims in a new and separate action at the time of his choice subject to the applicable limitations period.

**ENTER**: This  6th  day of February, 2017.

                                                                                               _____
                                                                                                United States District Judge